[No. 20362. In Bank. — November 8, 1887.]

IN THE MATTER OF H. H. LOWENTHAL, ON HABEAS CORPUS.

CONTEMPT — SEARCH-WARRANT — OBSTRUCTING EXECUTION OF. — One who obstructs and takes from a police officer, by means of legal process, certain personal property taken by such officer under a search-warrant issued by a judge of the superior court, is guilty of a contempt of court, and in a proper proceeding therefor may be fined and imprisoned.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*P. F. Dunne*, for Petitioner.

*Matthew I. Sullivan*, and *Joseph Kirk*, for Respondent.

The COURT. — The petitioner was fined and committed to the county jail for a term of five days for a contempt of the process of the superior court, department 9, in and for the city and county of San Francisco.

The alleged contempt of petitioner consisted in obstructing and taking from a police officer, by means of legal process, certain personal property taken by such officer under a search-warrant issued by J. V. Coffey, presiding judge of said superior court, for the purpose of securing certain documents and papers averred to have been used as a means of committing a felony.

Petitioner had a hearing before the superior court, and upon the testimony *pro* and *con* was found guilty and sentenced, as hereinbefore stated.

We have examined the record with some care, and are of opinion the superior court had jurisdiction of the subject-matter and of the person of the petitioner, and that the judgment rendered was such as, upon the showing made, the court was authorized to make.

The increasing volume of business brought before this court under the original jurisdiction conferred upon it,

and the time necessarily consumed thereby, to the exclusion of other and equally important business, prompts us to brevity of opinion in cases where, like the present, our jurisdiction is not appellate.

These are some of the considerations which restrain us in the present case from arguing *in extenso* from the premises up to the conclusions we have reached.

The petitioner is remanded to the custody of the sheriff.

THORNTON, J., and TEMPLE, J., expressed no opinion.